In re SUPERVISORS OF REGISTRATION.

(Circuit Court, D. New Hampshire. November 6, 1892.)

ELECTIONS—APPOINTMENT OF SUPERVISORS—JURISDICTION—PETITION.

It is doubtful whether a federal circuit court has jurisdiction to appoint supervisors of registration for a city of less than 20,000 inhabitants, constituting only part of a county, or to make such appointments in any case unless the petition is filed at least 10 days before the commencement of registration; and where, on such a petition, the appointment would result

in interposing federal jurisdiction after the cases had been partially heard before the proper state boards, the court will follow the general rule that, where jurisdiction is doubtful, it should not interfere with the official duties of other properly constituted bodies.

Petition for the Appointment of Supervisors of Registration in the City of Portsmouth, N. H.   Denied.

ALDRICH, District Judge.   Under section 2011 of the Revised Statutes of the United States more than 10 citizens of Rockingham county petition for the appointment of federal supervisors in the city of Portsmouth.   The petitioners do not ask to have the court opened for Rockingham county, but for the city of Portsmouth only; nor do they ask to have the election to take place November 8th scrutinized and guarded, but the registration to take place November 2d and 4th only.   The petition was first presented to Judge Putnam, one of the circuit judges for the first circuit, October 25th, as appears by his certificate thereon.   The statute in question has reference to elections at which representatives in congress are to be chosen, and provides for the appointment of two citizens of each election district or voting precinct, who shall be of different political parties, and whose duties, in short, are to witness the proceedings, with a view of seeing the manner in which the registration is conducted, and whether the vote and count are fair.   At an election where federal officers are to be selected it would seem just and reasonable that federal authority might interpose to this end.   Ex parte Siebold, 100 U. S. 371; Ex parte Clarke, Id. 399; U. S. v. Gale, 109 U. S. 65, 3 Sup. Ct. Rep. 1.   But the jurisdiction and authority of federal courts to interpose rests upon the petition.   If the petition is in accordance with the provisions of the statute, the relief follows, it would seem, quite as a matter of course, the court having very little, if any, discretion, except as to the selection of the supervisors; but if the petition, in time and substance, does not conform to the requirements of the statute, the court is totally without authority, and powerless to render the relief sought, however just and proper it may seem.

Congress, in creating the remedy by petition, provides that the petitioners may make their desire known in writing to the circuit judge, who, within not less than 10 days prior to the registration, shall open the circuit court, etc.   It is a serious question whether this does not mean 10 days prior to the commencement of registration.   The session of the city ward supervisors, under the laws of the state, must begin as early as November 2d, the Tuesday preceding the election, (Pub. St. N. H. c. 46, § 2; Id. c. 32, § 6,) and, by special act relating to the city of Portsmouth, (Laws 1876, p. 662, § 13,) may begin at any time within 14 days before election; and, as a matter of fact, according to the statement of the petitioners, who appeared before me, the sessions, pursuant to duly-posted notice, did begin on the 28th day of October, in one view 7, and in the other 3, days only subsequent to the presentation of the petition to Judge Putnam, the purpose being, as stated, to bring in the federal supervisors at an intermediate session.   The statutory notice of civil process has

uniformly been held to have reference to the commencement of a term of court, and, if the same principles apply here, it results that a petition of this character should be presented at least 10 days before the commencement of the session appointed for the purpose of hearing cases of applicants for registration. It might be fairly urged that the object of congress in placing the 10-days limit upon the petitioners was to have all parties seasonably notified, to the end that the selection of the supervisors and the scrutiny should be in all respects fair. Under the statutes of New Hampshire and of the other states, the hearings before the state boards are to be adjourned from day to day until all claims are heard and decided, and it would seem that a construction of the 10-days limit in the federal statute which would interpose federal supervision at a stage of the proceedings when cases had been partially heard would not be reasonable. Interposition at such a time would cause confusion and delay, and would not be effective in the direction of accomplishing the free and fair results intended by congress. Again, the petition is for opening the court for a part of Rockingham county only, and for the appointment of supervisors in the wards of Portsmouth, a city of less than 20,000 inhabitants, and in no other part of the county; and for this reason, if I were to follow the doctrine of the circuit court in the East St. Louis Case, 28 Fed. Rep. 840, it would result that the petitioners are not within the statute in this respect. These questions are both jurisdictional. They go to the power of the court to act. I do not undertake to decide either of them, but merely to say that, under the petition, in my opinion, jurisdiction is at least doubtful, and I must be governed by the general rule that, where jurisdiction is doubtful, the court should not interfere with the official duties of other lawfully constituted and constitutional bodies, and upon this ground only I am constrained to deny the request, and to dismiss the petition; and it is so ordered.