### SHERMAN v. UNITED STATES.

No. 3979.

Circuit Court of Appeals, Fourth Circuit.

Dec. 6, 1935.

Malcolm J. Coan, of Baltimore, Md. (Howard C. Bregel and Paul B. Mules, both of Baltimore, Md., on the brief), for appellant.

Douglas H. Gordon, Asst. U. S. Atty., of Annapolis, Md., and Bernard J. Flynn, U. S. Atty., of Baltimore, Md.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

The defendant was indicted with Benjamin Cohen and two other defendants upon the charge of unlawfully and feloni-

ously making whisky mash fit for distillation upon a farm in Baltimore county, which premises were not a distillery authorized by law. The defendant was convicted and sentenced to imprisonment for a year and a day in the penitentiary and to pay a fine of $1,000. He appealed from this judgment (1) on the ground that certain testimony received over his objection was inadmissible and (2) that a motion to quash the indictment and a motion in arrest of judgment should have been granted because there was no competent evidence submitted to the grand jury which returned the indictment. The indictment charged that the offense was committed on January 19, 1935, at the place above described, and the evidence tended to sustain the charge. The evidence, whose admissibility was attacked, was that of a real estate broker who testified that in September, 1934, the appellant and Cohen came into his office, and that Cohen offered to rent the barn on the farm above described, and admitted in the presence of Sherman that he wanted to use the barn for an illicit still. The complaint is that this evidence tended to show that the appellant was guilty of a crime not charged in the indictment and was therefore inadmissible. It is obvious, however, that the evidence did not relate to a separate independent crime, but was clearly admissible to show that prior to the offense charged in the indictment, the two defendants were endeavoring to secure possession of the site upon which the illicit distilling operation was subsequently established.

■ The main point in the case is that the District Court erred in overruling the appellant's motion to quash the indictment. The attorneys for the defendants conceived the idea before the jury was sworn that the witnesses who had first-hand knowledge of the circumstances of the crime had not appeared before the grand jury when it was considering the case. No attempt, however, was made to bring this matter to the attention of the court before the petit jury was sworn. Each of the witnesses for the prosecution was asked on cross-examination whether he appeared before the grand jury as a witness, and after the case for the government was closed, the defendants put upon the witness stand an investigator in the employ of the Alcohol Tax Unit who testified that he had investigated the case and had taken the sworn statements of the witnesses, and that he appeared before the grand jury and presented these statements to it, and that no other witness appeared before the grand jury in the case. Thereupon the defendants filed a motion to quash the indictment on the ground that there was no competent legal testimony presented to the grand jury; but the court overruled the motion on the ground, amongst others, that it was presented too late. It is well established that a motion to quash an indictment should be made before the plea is filed, and certainly before the jury is sworn. Bishop on New Criminal Procedure, § 882 (4); United States v. Gale, 109 U.S. 65, 3 S.Ct. 1, 27 L.Ed. 857. It is also well established that a motion to quash the indictment is ordinarily addressed to the discretion of the trial court and is not subject to review. Durland v. United States, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709; Pick v. State, 143 Md. 192, 121 A. 918; Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021, 20 Ann.Cas. 1138; McKinney v. United States (C.C.A.) 199 F. 25; Anderson v. United States (C.C.A.) 273 F. 20; Luxemberg v. United States (C.C.A.) 45 F.(2d) 497; Kastel v. United States (C.C.A.) 23 F.(2d) 156; Murdick v. United States (C.C.A.) 15 F.(2d) 965; Bowles v. United States (C.C.A.) 73 F.(2d) 772. Bearing these rules in mind, it is apparent that there was no abuse of the discretion lodged in the District Judge when he overruled the motion to quash that was not filed until after the case for the prosecution had been closed. The record shows that the point under discussion was in the minds of counsel before the trial began; and although they were not in possession of precise information as to what witnesses appeared before the grand jury and what evidence had been given to it, there is no reason to believe that this information could not have been as readily obtained before as after the jury was sworn. The proper administration of justice required that if the defendant desired to present the objection that the indictment was defective by a motion to quash, it should have been made at a suitable time and when there was still an opportunity for the government if need be to correct the defect by the presentation of additional evidence before the grand jury.

■ The appellant raised the same point as to the insufficiency of the evidence be-

fore the grand jury by a motion in arrest of judgment. This motion the District Judge overruled, and this action of the court was proper not only for the reasons above given with respect to the motion to quash, but also because a motion in arrest of judgment can be based only upon errors which appear upon the face of the record. Massenberg v. United States (C. C.A.) 19 F.(2d) 62, 63.

The judgment of the District Court is affirmed.