**Bernard BARNETT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 94 Civ. 2025 (DNE).**

United States District Court, S.D. New York.

Dec. 12, 1994.

1200

Bernard Barnett, pro se.

EDELSTEIN, Senior District Judge.

Petitioner Bernard Barnett brings this motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.[1]

## BACKGROUND

On December 20, 1990 petitioner was indicted for narcotics conspiracy, possession with intent to distribute crack, possession with intent to distribute heroin, use of a firearm in relation to a drug trafficking crime, felony possession of a firearm, and maintaining a place to manufacture and distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 812, 841(a)(1), 841(b)(1)(A), and 856(a)(1), and 18 U.S.C. §§ 924(c) and 922(g)(1). Petitioner pleaded not guilty to all charges.

On January 3, 1991, petitioner's counsel informed this Court that counsel intended to file pre-trial motions, and accordingly this Court ordered that the time from January 3, 1991 until the final adjudication of these mo-

---

1. In relevant part, § 2255 states:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

See also Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 1 advisory committee's note (comparing § 2255 motion with writ of habeas corpus).

tions be excluded from Speedy Trial Act calculations. On May 22, 1991, petitioner's counsel filed a pre-trial motion, alleging a number of claims. On October 17, 1991, this Court issued an Opinion and Order, denying petitioner's motion in all respects. *See United States v. Roberts,* No. 90 CR 913 (DNE), 1991 WL 221099 (S.D.N.Y. Oct. 17, 1991), *aff'd,* 9 F.3d 1537 (2d Cir.1993) (Table), *cert. denied,* —— U.S. ——, 114 S.Ct. 1630, 128 L.Ed.2d 353 (1994). On November 19, 1991, petitioner's trial began, and seventeen days later, a jury found petitioner guilty on all counts.

Petitioner then appealed his conviction. At an unspecified time while petitioner's appeal was pending, petitioner wrote a lengthy appellate brief. Petitioner alleges that he sent this brief to his attorney, instructing his attorney to raise all of the issues that petitioner raised in the brief. Thereafter, petitioner submitted this brief to the Second Circuit, but the Second Circuit refused to consider it and forwarded it to petitioner's counsel. The Second Circuit affirmed petitioner's conviction without opinion, and the Supreme Court denied certiorari. *See United States v. Roberts,* 9 F.3d 1537 (2d Cir. 1993) (Table), *cert. denied,* —— U.S. ——, 114 S.Ct. 1630, 128 L.Ed.2d 353 (1994).

Petitioner now seeks relief under 28 U.S.C. § 2255. He contends that thirteen grounds entitle him to § 2255 relief. Petitioner did not raise seven of these grounds on direct appeal. Although Petitioner asserts that he raised the other six grounds on direct appeal,[2] nowhere in his motion papers does he state what any of these six claims is. Further, petitioner fails to allege any facts that would support these unspecified claims.

## DISCUSSION

■■■■ As an initial matter, petitioner is not entitled to relief based on the six claims that he purportedly raised on direct appeal because petitioner has entirely failed to state what these claims are. *See* Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 2(b) (stating that

a § 2255 motion "shall specify all the grounds for relief which are available to the movant ... and shall set forth in summary form the facts supporting each of the grounds thus specified"). Although district courts employ substantial leniency in interpreting motion papers that *pro se* petitioners submit, it is simply impossible for this Court to determine whether petitioner has made out a case for relief on these six claims because petitioner has failed to state both the grounds on which relief is requested and any facts that would substantiate these grounds.

In addition, if, as petitioner contends, the Second Circuit previously considered these six grounds on petitioner's direct appeal, these grounds do not entitled petitioner to § 2255 relief. It is well settled that " 'section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal.' " *Cabrera v. United States,* 972 F.2d 23, 25 (2d Cir.1992) (quoting *Barton v. United States,* 791 F.2d 265, 267 (2d Cir. 1986) *(per curiam )); see also United States v. Natelli,* 553 F.2d 5, 7 (2d Cir.) *(per curiam )* ("once a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255"), *cert. denied,* 434 U.S. 819, 98 S.Ct. 59, 54 L.Ed.2d 75 (1977). Insofar as the Second Circuit considered these claims on direct appeal, petitioner may not relitigate them on this motion.

Petitioner further contends that he is entitled to § 2255 relief based on seven grounds that were not raised on direct appeal. These grounds are: (1) illegal search, seizure, and arrest; (2) jury tampering; (3) void indictment; (4) selective prosecution; (5) variance at trial; (6) ambush and speedy trial violation; and (7) illegal sentence.

All seven of these claims are within the scope of § 2255. The first six claims are collateral attacks on petitioner's sentence. *See* 28 U.S.C. § 2255 (petitioner may bring collateral attacks on his sentence by a § 2255 motion). The seventh claim asserts that petitioner's sentence violates the laws of the

---

**2.** Because petitioner failed to number the pages of his motion papers, it is impossible to give exact citations to petitioner's papers.

United States. *See id.* (petitioner may bring a § 2255 motion on the ground that his sentence violates the laws of the United States).

■■■ The rule is well settled that a petitioner who fails to raise a claim on direct appeal cannot raise that claim on a § 2255 motion "unless he can establish both cause for the procedural default and actual prejudice resulting therefrom." *Billy–Eko v. United States,* 8 F.3d 111, 114 (2d Cir.1993) (citing *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)); *see also Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992) (holding that the "cause and prejudice" requirement applies to federal prisoners seeking § 2255 relief for constitutional errors). Thus, because petitioner concedes that these seven claims were not appealed, he is barred from raising these claims unless he can demonstrate both cause and prejudice.

Petitioner argues that ineffective assistance of counsel was the cause of his failure to raise these seven claims on direct appeal.[3] Petitioner states that he wrote a 135–page brief, which raised various arguments, and that he sent this brief to his attorney with instructions to include these arguments in the brief that the attorney submitted to the Second Circuit. Petitioner asserts that his attorney failed to raise many of these arguments, including the seven grounds on which petitioner now seeks relief.

■■ Ineffective assistance of counsel not only constitutes a ground for § 2255 relief, but it also can constitute cause for failure to raise an issue on direct appeal.[4] *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) ("Ineffective assistance of counsel, then, is cause for a procedural default."); *Smith v. South Carolina,* 882 F.2d 895, 898 (4th Cir.1989) (recognizing that ineffective assistance of counsel constitutes cause for failure to raise an issue on direct appeal), *cert. denied,* 493 U.S. 1046,

110 S.Ct. 843, 107 L.Ed.2d 838 (1990); *Cantone v. Superintendent,* 759 F.2d 207, 218 (2d Cir.) (same), *cert. denied,* 474 U.S. 835, 106 S.Ct. 109, 88 L.Ed.2d 89 (1985). To establish ineffective assistance of counsel as the cause of a procedural default, "petitioner must show that his counsel was ineffective for the purpose of the sixth amendment." *Cantone,* 759 F.2d at 218; *see also Smith,* 882 F.2d at 898 (attorney's failure to raise a non-frivolous issue on appeal only constitutes cause for procedural default if attorney's failure fulfills the standard for ineffective assistance of counsel). Therefore, in order to determine whether petitioner has shown cause for his failure to raise these seven grounds on direct appeal, it must be determined whether his attorney's failure to raise these claims constitutes ineffective assistance of counsel.

■■ The sixth amendment to the Constitution guarantees criminal defendants the right to counsel. As the Supreme Court has noted, "the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." *Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). The right to counsel protects a defendant's right to a fair trial because "access to counsel's skill and knowledge is necessary to accord defendants ... 'ample opportunity to meet the case of the prosecution.'" *Id.* (quoting *Adams v. United States ex rel. McCann,* 317 U.S. 269, 275–76, 63 S.Ct. 236, 240, 87 L.Ed. 268 (1942)). Because counsel plays such a crucial role, the Supreme Court has recognized that "'the right to counsel is the right to the effective assistance of counsel.'" *Id.* at 686, 104 S.Ct. at 2063 (quoting *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970)). Thus, if a defendant's counsel fails to render adequate legal assistance, defendant's sixth amendment rights are violated.

---

**3.** Petitioner contends that another cause of his failure to raise these issues on direct appeal was that "Petitioner never waived his Constitutional Rights in any form, Shape or Fashion." Petitioner's bald contention that he never waived any of his constitutional rights does not constitute cause for his failure to raise an issue on direct appeal. Thus, this contention is without merit.

**4.** Petitioner does not raise ineffective assistance of counsel as a ground for his § 2255 motion; rather, he only raises this point to establish cause for his procedural default.

*See id.* (citing *Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980)).

The Supreme Court has established a two-part test for determining whether an attorney's representation constitutes ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient." *Id.* at 687, 104 S.Ct. at 2064. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* Although the *Strickland* test was formulated to determine whether trial counsel was ineffective, "the same test is used with respect to appellate counsel." *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.) (citing *Claudio v. Scully,* 982 F.2d 798, 803 (2d Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 2347, 124 L.Ed.2d 256 (1993); *Abdurrahman v. Henderson,* 897 F.2d 71, 74 (2d Cir.1990)), *cert. denied,* — U.S. —, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994).

To satisfy the first prong of the *Strickland* test, a defendant must show that "his attorney's performance 'fell below an objective standard of reasonableness.'" *See Mayo,* 13 F.3d at 533 (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064.). The Supreme Court has eschewed articulating a rigid set of standards for determining whether an attorney's conduct is reasonable, stating instead that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2065.

The Supreme Court has, however, explained the method that a federal court should employ in determining whether an attorney's performance was reasonable. The Court has instructed that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound ... strategy.'" *Id.* at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). The presumption is necessary because "[i]t is all

too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689, 104 S.Ct. at 2065 (citation omitted). Further, to prevent a federal court from second-guessing counsel's actions, a court may not use hindsight in evaluating whether an attorney's conduct was reasonable. *See Id.; Mayo,* 13 F.3d at 533 (citation omitted).

Moreover, the Supreme Court has examined whether counsel's failure to raise a non-frivolous issue on appeal constitutes ineffective assistance of counsel. *See Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). In *Jones,* after defendant was convicted in state court of robbery and assault, he wrote a letter to his appellate counsel "listing several claims that he felt should be raised" on appeal. *Id.* at 747, 103 S.Ct. at 3310. Defendant's attorney wrote a return letter in which he "accepted some but rejected most of the suggested claims." *Id.* The state appellate court affirmed defendant's convictions, and defendant exhausted his state-court remedies. *See id.* at 748–49, 103 S.Ct. at 3311. Thereafter, defendant sought a writ of habeas corpus on the ground that he had been denied effective assistance of appellate counsel because his attorney failed to raise several issues on appeal that defendant had instructed counsel to raise. *See id.* at 749, 103 S.Ct. at 3311. Although the district court rejected defendant's argument, the Second Circuit reversed, holding that if an appellant instructs his counsel to raise non-frivolous issues on appeal, "counsel must argue the additional points to the full extent of his professional ability." *Barnes v. Jones,* 665 F.2d 427, 433 (2d Cir.1981) (citations omitted), *rev'd,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

The Supreme Court reversed, holding that a defendant has no constitutional right to have appellate counsel raise every non-frivolous issue on appeal, even if defendant requests that counsel raise a specific issue. *See Jones,* 463 U.S. at 754, 103 S.Ct. at 3314. In reaching this conclusion, the Court

stressed that "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* at 751–52, 103 S.Ct. at 3313. Because requiring appellate counsel "to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy," the Court held that counsel may exercise reasonable professional judgment in choosing which issues to raise on appeal. *Id.* at 754, 103 S.Ct. at 3314.

Recently, the Second Circuit provided additional guidance to district courts faced with the question of whether an appellate counsel's performance was deficient for failure to raise a non-frivolous issue on appeal. *See Mayo v. Henderson,* 13 F.3d 528 (2d Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994). The *Mayo* court stated that "a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Id.* at 533. Quoting a Seventh Circuit decision, the court stated:

> When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.

*Id.* (quoting *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1985)).

In the instant case, none of the seven claims that petitioner contends counsel should have raised is significant and obvious. Further, under prevailing professional norms, counsel did not behave unreasonably in failing to raise these claims. Each of these claims is examined in turn.

### 1. Illegal Search, Seizure, and Arrest

■ Petitioner contends that counsel should have argued on appeal that both the search warrant for petitioner's residence at 111 Undercliff Street, Yonkers, New York, and the arrest warrant for petitioner, himself, were illegal. Yet, petitioner's counsel acted reasonably in choosing not to challenge the search warrant's legality because he had unsuccessfully raised the exact same argument in a pre-trial motion. *See United States v. Roberts,* No. 90 CR 913 (DNE), 1991 WL 221099 (S.D.N.Y. Oct. 17, 1991), *aff'd,* 9 F.3d 1537 (2d Cir.1993) (Table), *cert. denied,* — U.S. —, 114 S.Ct. 1630, 128 L.Ed.2d 353 (1994). In deciding that motion, this Court held that "[t]he affidavits which formed the basis of the challenged search warrants provided more than ample probable cause." *Id.* at *7. Further, this Court found that defendant had failed to show that the government's reliance on these warrants was unreasonable. *See id.* (citation omitted). Having previously failed to make a persuasive argument on this point, defendant's counsel did not act unreasonably in electing not to make this argument on appeal.

■ Similarly, petitioner has failed to demonstrate that his counsel acted unreasonably in choosing not to argue that the arrest warrant was illegal. Although petitioner challenges the arrest warrant by asserting that the affidavits that supported this warrant were full of lies, he does not mention what any of these lies is. Petitioner's bald assertion that the arrest warrant was illegal does not overcome the presumption that petitioner's counsel acted reasonably in choosing not to argue this point on appeal. *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. Neither petitioner's papers nor a review of the record indicates that the arrest-warrant argument was a "significant and obvious" issue. *Mayo,* 13 F.3d at 533. In fact, neither indicates that this argument has any merit. Therefore, petitioner's attorney acted reasonably in choosing not to argue this point on appeal.

### 2. Jury Tampering

Petitioner contends that counsel should have argued on appeal that petitioner was

the victim of jury tampering. Petitioner's papers in support of his § 2255 motion do not explain how this alleged jury tampering occurred. However, appended to petitioner's motion papers is a copy of the *pro se* brief that he submitted to the Second Circuit, and this brief states:

> The Prosecutors in case tampered with the Jury; They sneak in a bag of evidence illegally then removed it. This scheme was only caught by luck, and not on purpose. The Jury sent out a note, Asking about this "vanishing" bag.[5]

■ Although the trial transcript shows that a bag that was not in evidence was sent into the jury room, petitioner's counsel cannot be faulted for failing to raise the jury-tampering issue on appeal. An isolated error in handling evidence at trial does not demonstrate that a prosecutor tampered with a jury. Further, when it was discovered that the jury had received the bag, this Court immediately instructed the jury to disregard the bag:

> [T]he large bag you referred to in your question is not in evidence, is not a Government Exhibit, and is not a controlled substance. It should not have been sent into the deliberation room, and you should not consider it. It was sent in by mistake.

(R. at 1190, lines 7–12.)[6] Given the lack of evidence that supports petitioner's jury-tampering claim, this claim is not "significant and obvious," and appellate counsel did not act unreasonably in failing to make this argument in his brief to the Second Circuit.

However, courts interpret motion papers submitted by *pro se* litigants liberally and construe them to raise the strongest arguments presented. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994) (citing *Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 330 (2d Cir.1993)). Therefore, this Court will examine whether petitioner's jury-tampering allegations substantiate a claim for prosecutorial misconduct.

■ Petitioner's allegations do not substantiate a claim for prosecutorial misconduct for three reasons. First, "[a]s a general proposition 'defense counsel [is] as responsible as the prosecutor for seeing to it that only proper exhibits [are] sent to the jury room.'" *United States v. Comporeale*, 515 F.2d 184, 188 (2d Cir.1975) (quoting *United States v. Burket*, 480 F.2d 568, 571 (2d Cir. 1973)). In the instant case, petitioner's counsel shares the responsibility with the prosecutor for failing to notice that a bag that was not in evidence was given to the jury. There is no evidence that this improper submission to the jury was anything other than a mistake. Thus, because defense counsel and the prosecution share the responsibility for this error, petitioner has failed to show any prosecutorial misconduct. *See Burket*, 480 F.2d at 571.

Second, "the failure of counsel to register a timely objection to the submission of improper evidence to the jury will be deemed a waiver ... unless it is shown that the evidence was so prejudicial that the defendant was denied a fair trial." *Comporeale*, 515 F.2d at 188 (citing *United States v. Strassman*, 241 F.2d 784, 786 (2d Cir.1957)). In the instant case, petitioner's counsel made no objection to the submission of the improper evidence to the jury. (R at 1190.) Therefore, any objection to the submission of the evidence was waived. In addition, as discussed in the following two paragraphs, petitioner was not denied a fair trial by the submission of this improper evidence to the jury.

Third, petitioner did not suffer substantial prejudice. In *Burket*, after the jury had considered various materials that were not in evidence, the Second Circuit rejected the argument that defendant's conviction should be reversed. Although the court recognized that "[a] sufficient answer to the attempt to secure reversal on this score might be that defense counsel was as responsible as the prosecutor for seeing to it that only proper exhibits were sent to the jury room," the

---

**5.** Because petitioner failed to number the pages of the brief that he submitted to the Second Circuit, it is impossible to cite the exact page of this quote. This quote may be found—with some

difficulty—towards the end of petitioner's lengthy brief under the heading *"Ground Eleven."*

**6.** "R." refers to the trial transcript.

court stated "we would not wish to affirm on this ground if we believed that Burket suffered substantial prejudice." *Burket*, 480 F.2d at 571. Thus, in analyzing petitioner's claim, this Court must determine whether he suffered substantial prejudice.

 Three factors determine whether a defendant suffered substantial prejudice: "the severity of the misconduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper [conduct]." *United States v. Modica*, 663 F.2d 1173, 1181 (2d Cir.1981), *cert. denied*, 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982); *see also United States v. Rivera*, 22 F.3d 430, 437 (2d Cir.1994) (citations omitted); *Floyd v. Meachum*, 907 F.2d 347, 355 (2d Cir.1990). In the instant case, an analysis based on these three factors indicates that petitioner did not suffer substantial prejudice. First, the alleged misconduct was not severe. Despite petitioner's assertion that the prosecutor snuck the bag into the jury room, there is no indication that the prosecutor intentionally sought to submit the bag to the jury. *See Modica*, 663 F.2d at 1181 ("extent to which misconduct was intentional" should be considered when analyzing severity of misconduct). The record indicates that the bag was simply given to the jury by mistake. (R. at 1190 (the Court stated that the bag "was sent in by mistake," and defense counsel made no objection).) Second, as previously mentioned, when this

mistake was discovered, this Court immediately issued a corrective instruction. (R. at 1190, lines 7–12.) This instruction not only told the jury that the bag was not in evidence but stated that the bag "is not a Government Exhibit, [and] is not a controlled substance." *Id.* at lines 8–9. Third, petitioner's conviction was certain even absent the allegedly improper conduct. The prosecutor's case was extremely strong. The evidence included taped telephone conversations that incriminated petitioner, substantial physical evidence seized from petitioner's home, testimony from one of petitioner's co-conspirators that incriminated petitioner, surveillance photographs, and testimony from FBI agents and New York City police officers. Accordingly, since petitioner did not suffer substantial prejudice as a result of the jury's examination of the bag that was not in evidence, petitioner's claim of prosecutorial misconduct is without merit.[7]

Because petitioner's counsel could have ascertained that the prosecutorial-misconduct claim was meritless, counsel acted reasonably in choosing not to raise this claim on direct appeal. Thus, petitioner was not denied effective assistance of counsel when his attorney failed to argue this point on appeal.

### 3. Void Indictment

 Petitioner contends that counsel should have argued on appeal that the indictment that named petitioner was void. Coun-

---

7. The instant case is distinguishable from *United State v. Camporeale*, 515 F.2d 184 (2d Cir.1975). In *Camporeale*, the court clerk gave the jury an unredacted copy of defendant's grand jury testimony, despite the fact that the prosecutor and defense counsel had agreed that the testimony should be redacted, and despite the fact that the judge gave the clerk the following instruction: "'You are going to have to get the attorneys. There was something they wanted to cut out of the Grand Jury minutes.'" *Id.* at 187 (quoting Judge Lasker). The grand jury minutes discussed defendant's convictions for a number of prior crimes, and the jury had not heard about these crimes previously. *See id.* Based on this error, the Second Circuit reversed defendant's conviction for two reasons. First, the court noted that defense counsel had sought to insure that the jury would not obtain an unredacted copy of the grand jury minutes. *See id.* at 188. Thus, "[t]he fault in permitting the jury nevertheless to consider [the unredacted minutes] lay not with

the parties or the trial judge but with the court clerk." *Id.* Second, the court found that because "[t]he principal issue before the jury was ... whether [defendant] intentionally lied in testifying," the jury's knowledge about defendant's prior convictions could have led the jury "to resolve the issue against him." *Id.*

The instant case differs on both accounts. First, there is no indication that defense counsel made any attempt either to prevent the bag from reaching the jury room or to object to the fact that the jury improperly examined this bag. Second, the bag and its contents did not address a principal issue before the jury. During deliberation, the jurors considered a variety of charges against several defendants, and the jurors examined many pieces of evidence, including narcotics that were seized from petitioner's residence. The bag in question was not a "smoking gun," and it did not go to the heart of the prosecution's case. Thus, *Camporeale* is inapposite.

sel certainly behaved reasonably in choosing not to raise this claim because petitioner was barred from making this argument. A defendant who fails to object to an indictment prior to trial is barred from objecting to the indictment after trial. *See Davis v. United States,* 411 U.S. 233, 237, 93 S.Ct. 1577, 1580, 36 L.Ed.2d 216 (1973); *see also* Fed. R.Crim.P. 12(b)(2) (stating that "[d]efenses and objections based on defects in the indictment" must be raised prior to trial). A defendant who pleads to an indictment and goes to trial without objecting to the indictment waives "any right of subsequent complaint on account thereof." *Davis,* 411 U.S. at 237, 93 S.Ct. at 1580 (citing *United States v. Gale,* 109 U.S. 65, 3 S.Ct. 1, 27 L.Ed. 857 (1883)). In the instant case, petitioner failed to object to the indictment prior to trial, and thus petitioner waived any objections to the indictment. In sum, this argument was not "significant and obvious," and petitioner's appellate counsel did not act unreasonably.

### 4. Selective Prosecution

Petitioner contends that counsel should have argued that petitioner was the victim of selective prosecution.[8] Petitioner claims that the nine other people who allegedly lived in his home should have been prosecuted on the same charges that petitioner faced.

■ To establish a claim for selective prosecution, a defendant must show two things:

(1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

*United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir.1974) (citations omitted); *see also LaTrieste Restaurant & Cabaret Inc. v. Village of Port Chester,* 40 F.3d 587, 588, 590 (2d Cir.1994) (citations omitted); *United States v. Fares,* 978 F.2d 52, 59 (2d Cir.1992); *United States v. Moon,* 718 F.2d 1210, 1229 (2d Cir.1983), *cert. denied,* 466 U.S. 971, 104 S.Ct. 2344, 80 L.Ed.2d 818 (1984). Further, the Supreme Court has held that prosecutors retain broad discretion in choosing whom to prosecute because "the decision to prosecute is particularly ill-suited to judicial review." *Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985).

■ In the instant case, petitioner's claim fails both parts of the two-part test. First, others similarly situated repeatedly are prosecuted when they engaged in conduct similar to petitioner's conduct. Petitioner was prosecuted for various narcotics and weapons offenses. Given that this Circuit has been swamped with a deluge of drug cases, weapons cases, and drug-conspiracy cases, petitioner has entirely failed to show that he was singled out for prosecution. Further, because many of his co-conspirators also were prosecuted, his claim of selective prosecution is meritless. Second, petitioner entirely fails to allege any fact that would indicate that prosecutors acted in bad faith. Because petitioner's selective-prosecution claim is meritless, appellate counsel behaved reasonably in declining to raise this claim on appeal.

### 5. Variance at Trial

■ Petitioner contends that counsel should have argued "variance at trial."[9] Petitioner contends that the facts at trial varied from the charges in the indictment because the indictment charged the existence of a single conspiracy, while the facts at trial revealed multiple, separate conspiracies.

Petitioner's counsel did not act unreasonably in choosing not to argue this point because it would have needlessly duplicated another argument that counsel chose to

---

**8.** Although petitioner fails to discuss the basis of his selective-prosecution claim in his motion papers, once again, the *pro se* brief that petitioner appended to his papers discusses this issue. This issue is discussed toward the end of petitioner's brief under the heading *"Ground Nine."*

**9.** Again, petitioner's *pro se* brief to the Second Circuit discusses this claim. This claim is discussed toward the end of petitioner's brief under the heading *"Ground (13)."*

make. Counsel's very first point heading in the "Argument" section of his appellate brief states: "THE TRIAL COURT SHOULD HAVE CHARGED THE JURY ON THE LAW REGARDING MULTIPLE CON-SPIRACIES." Defendant–Appellant's Brief at 21, *United States v. Roberts,* 9 F.3d 1537 (2d Cir.1993) (Table), *cert. denied,* —— U.S. ——, 114 S.Ct. 1630, 128 L.Ed.2d 353 (1994). If, as petitioner contends, the facts at trial varied from the charges in the indictment so that only multiple conspiracies could be proven, the trial court should have charged the jury on the law regarding multiple conspiracies. Because these two arguments are very similar, counsel cannot be faulted for choosing to exclude a duplicative argument from his brief. Further, petitioner has failed to demonstrate that counsel omitted a "significant and obvious" issue while pursuing an issue that was "clearly and significantly weaker." *Mayo,* 13 F.3d at 533.[10]

### 6. Violation of Speedy Trial Act

 Petitioner argues that counsel should have argued "ambush and speedy-trial violation."[11] This argument, however, is largely a rehash of his "void indictment" argument. Petitioner argues that the fact that his original indictment was superseded by a subsequent indictment constitutes both an "ambush" and a speedy-trial violation. Yet, petitioner pleaded not guilty to the superseding indictment, and he did not object to this indictment prior to trial. Thus, as previously discussed, petitioner is barred from objecting to this indictment because petitioner waived any objection to the superseding indictment by failing to object to it in a timely fashion. Accordingly, appellate counsel acted reasonably in electing not to argue this point.

 Further, petitioner suffered no speedy trial violation. 18 U.S.C. § 3161(c)(1) states:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

The docket sheet indicates that petitioner first appeared before a judicial officer on December 12, 1990 and that the indictment was filed on December 20, 1990. Thus, petitioner's trial should have commenced within seventy days of December 20, 1990. On January 3, 1991—fourteen days after petitioner's speedy-trial clock began ticking—petitioner's attorney informed this Court that petitioner intended to file pre-trial motions. This Court ordered that the time from January 3, 1991 until the final adjudication of the motions be excluded from the speedy-trial calculation. *See* 18 U.S.C. § 3161(h)(1)(F). On May 22, 1991, petitioner filed a pre-trial motion, and on October 17, 1991, this Court filed an Opinion and Order, denying this motion. *See United States v. Roberts,* No. 90 CR 913 (DNE), 1991 WL 221099 (S.D.N.Y. Oct. 17, 1991), *aff'd,* 9 F.3d 1537 (2d Cir.1993) (Table), *cert. denied,* —— U.S. ——, 114 S.Ct. 1630, 128 L.Ed.2d 353 (1994). Petitioner's jury trial began on November 19, 1991, thirty-three days after this Court issued its opinion. Thus, petitioner's speedy-trial clock only ticked for a total of forty-seven days, well within the seventy-day limit that the Speedy Trial Act imposes. Accordingly, petitioner's claim is without merit. Counsel certainly could have ascertained that this argument was meritless when he prepared petitioner's appellate brief, and therefore, counsel acted reasonably in choosing to exclude this claim.

### 7. Illegal Sentence

 Petitioner contends that counsel should have argued that petitioner's sentence

---

**10.** In addition, a review of the record in this case indicates that there was sufficient evidence to indict and convict petitioner of being a member of a single conspiracy. Thus, counsel acted reasonably.

**11.** This issue is discussed toward the end of petitioner's brief to the Second Circuit under the heading *"Ground Two."*

was illegal.[12] Petitioner contends that he was improperly sentenced as a "Career Offender" because a drug-conspiracy conviction cannot trigger the career-offender provision of the Federal Sentencing Guidelines ("the Guidelines"). In support of this argument, petitioner cites *United States v. Price,* 990 F.2d 1367 (D.C.Cir.1993).

Petitioner's counsel cannot be faulted for failing to argue this point because *Price* was argued and decided after counsel filed his brief.[13] Further, the *Price* court recognized that this argument—that a drug-conspiracy charge cannot trigger the career-offender provision of the Guidelines—had not previously been made in federal court. *See id.* at 1368 ("So far as we can tell, no other court has addressed this issue...."). In fact, as the *Price* court noted, the Guidelines clearly state that a drug-conspiracy conviction can trigger the career-offender provision.[14] *See id.* The *Price* court even cited a Second Circuit decision that held that a person convicted of a drug-conspiracy charge could be sentenced under the career-offender provision. *Id.* at 1368 (citing *United States v. Whitaker,* 938 F.2d 1551 (2d Cir.1991), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 977, 117 L.Ed.2d 141 (1992)) (other citation omitted).

On these facts, petitioner has not demonstrated that his counsel omitted a significant and obvious argument. *See Mayo,* 13 F.3d

at 533. Both the Guidelines and the case law in this Circuit indicated that this argument would not succeed. Therefore, petitioner's counsel acted reasonably in not raising it.

Because petitioner's counsel acted reasonably in not raising each of the seven arguments that petitioner contends should have been raised on appeal, petitioner was not denied effective assistance of counsel.[15] Thus, petitioner has not demonstrated cause for his failure to raise these seven claims on direct appeal.[16]

Courts in this Circuit read papers submitted by a *pro se* litigant "liberally, and will interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994) (citing *Mikinberg v. Baltic S.S. Co.,* 988 F.2d 327, 330 (2d Cir.1993)). Petitioner's motion may be liberally interpreted to claim that the *Price* argument's novelty constitutes cause for petitioner's failure to raise this argument on direct appeal.

■ A change in law may constitute "cause" for failure to raise an issue on direct appeal. *See Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984); *see also Smith v. Murray,* 477 U.S. 527, 536–37, 106 S.Ct. 2661, 2667–68, 91 L.Ed.2d 434 (1986). In *Reed,* the Supreme Court held

---

12. This issue is discussed toward the end of petitioner's brief to the Second Circuit under the heading *"Ground Ten."*

13. Counsel filed his brief with the Second Circuit on January 4, 1993. *Price* was argued on March 8, 1993 and was decided on April 23, 1993. *See id.* at 1367.

14. The *Price* court held that the Sentencing Commission ("the Commission") had exceeded its authority in promulgating this guideline. *Id.* at 1369–70. There is no dispute that the Guidelines state that a drug-conspiracy conviction can trigger the career-offender provision. Rather, the dispute is whether the Commission exceeded its authority.

15. Under the second part of the *Stickland* test, "the defendant must show that the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Because this Court has already determined that petitioner has failed to show that counsel behaved unreasonably, this Court need not determine whether

counsel's actions prejudiced petitioner's defense. *See id.* at 697, 104 S.Ct. at 2069 ("there is no reason for a court ... to address both components of the inquiry if the defendant makes an insufficient showing on one").

Further, it should be noted that even if this Court reads petitioner's papers as claiming that petitioner is entitled to § 2255 relief because he was denied effective assistance of counsel, petitioner is not entitled to relief. As previously discussed, because petitioner has failed to demonstrate that his counsel acted unreasonably, he has failed to satisfy the first part of the *Strickland* test. Thus, petitioner has failed to show that his counsel was ineffective.

16. This Court need not decide whether petitioner has shown that he was prejudiced by his procedural default. *See Billy–Eko v. United States,* 8 F.3d 111, 114 (2d Cir.1993). As discussed above, petitioner has failed to show cause for his procedural default. Thus, this Court need not determine whether petitioner suffered actual prejudice as a result of his failure to raise these seven claims on direct appeal.

**1210**

that "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim." *Reed*, 468 U.S. at 16, 104 S.Ct. at 2910. Two years later, the *Smith* Court explained that "the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Smith*, 477 U.S. at 537, 106 S.Ct. at 2667.

■ In the instant case, the *Price* argument was so novel that it was not reasonably available to counsel at the time he filed his brief with the Second Circuit. As previously discussed, petitioner's counsel filed his brief with the Second Circuit before *Price* was even argued. Further, the *Price* court, itself, stated that "no other court has addressed this issue." *Price*, 990 F.2d at 1368. In addition, two years before *Price* was decided, the Second Circuit held that a person could be sentenced under the exact provision that the *Price* court ruled is illegal. *See United States v. Whitaker*, 938 F.2d 1551 (2d Cir.1991), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 977, 117 L.Ed.2d 141 (1992). As such, petitioner has demonstrated cause for his failure to raise this issue on appeal.

■ In order to decide whether petitioner is entitled to § 2255 relief, this Court must determine whether petitioner suffered actual prejudice. Because the *Price* rule is not the law in this Circuit, this Court holds that petitioner suffered no actual prejudice.

The Second Circuit has explicitly stated that a conviction for narcotics conspiracy can trigger the career-offender provision of the Guidelines. *See id.* The *Price* court

adopted a contrary position when it ruled that a narcotics-conspiracy conviction cannot trigger this provision. *See Price*, 990 F.2d at 1368–69. While the *Price* court analyzed an issue that the Second Circuit did not address (that is, whether the Commission exceeded its authority in promulgating the career-offender provision),[17] it is implicit in *Whitaker* that the Commission acted within its authority, and *Whitaker* remains the law in this Circuit. Thus, even if petitioner had raised a *Price* argument on appeal, he would have lost. Therefore, petitioner suffered no actual prejudice and is barred from raising this issue on this § 2255 motion.[18]

## CONCLUSION

Petitioner is not entitled to relief based on the six grounds that he previously raised on appeal because he has failed to identify what these grounds are and because, insofar as the Second Circuit previously considered these matters, petitioner is barred from raising them on a § 2255 motion.

Moreover, petitioner is not entitled to relief based on the seven grounds that he did not previously appeal because petitioner has failed to demonstrate cause for his procedural default.

Accordingly, petitioner's § 2255 motion is DENIED.

SO ORDERED.

---

17. The circuits have split over this issue. *Compare United States v. Price*, 990 F.2d 1367 (D.C.Cir.1993) (Commission exceeded its authority in promulgating rule that a narcotics-conspiracy conviction could trigger career-offender provision) *and United States v. Mendoza–Figueroa*, 28 F.3d 766 (8th Cir.1994) (following *Price*), *reh'g and reh'g en banc denied, opinion vacated* (Sept. 2, 1994) *and United States v. Bellazerius*, 24 F.3d 698, 702 (5th Cir.) (following *Price*), *cert. denied*, — U.S. ——, 115 S.Ct. 375, 130 L.Ed.2d 326 (1994) *with United States v. Linnear*, 40 F.3d 215 (7th Cir.1994) (rejecting *Price*) *and United States v. Piper*, 35 F.3d 611, 618 (1st Cir.1994)

(rejecting *Price*) *and United States v. Hightower*, 25 F.3d 182, 187 (3d Cir.1994) (rejecting *Price*) *and United States v. Allen*, 24 F.3d 1180 (10th Cir.1994) (rejecting *Price*), *aff'd*, 25 F.3d 1055 (10th Cir.1994) (Table) (text in Westlaw), *cert. denied*, — U.S. ——, 115 S.Ct. 493, 130 L.Ed.2d 404 (1994) *and United States v. Heim*, 15 F.3d 830, 832 (9th Cir.1994) (rejecting *Price*), *cert. denied*, — U.S. ——, 115 S.Ct. 55, 130 L.Ed.2d 14 (1994).

18. Further, petitioner is not entitled to § 2255 relief because *Whitaker* is the law in this Circuit, and thus the *Price* argument is meritless.