**UNITED STATES of America,**
**Appellee–Cross–Appellant,**

v.

**Ronald WHITAKER,**
**Defendant–Appellant–Cross–Appellee.**

**Nos. 1547, 1734, Dockets**
**91–1021, 91–1067.**

United States Court of Appeals,
Second Circuit.

Argued June 18, 1991.

Decided July 16, 1991.

Richard L. Mott, Albany, N.Y., for defendant-appellant-cross-appellee.

George A. Yanthis, Asst. U.S. Atty. (Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y.), for appellee-cross-appellant.

Before MESKILL, KEARSE and McLAUGHLIN, Circuit Judges.

PER CURIAM:

Following a jury trial before Lee P. Gagliardi, *Senior District Judge,* defendant-appellant Ronald Whitaker was convicted of one count of conspiracy to distribute cocaine and one count of conspiracy to import cocaine in violation of 21 U.S.C. §§ 846, 963. At sentencing, Judge Gagliardi refused the government's request to sentence Whitaker as a career offender pursuant to § 4B1.1 of the Sentencing Guidelines because the government had failed to file "an information with the court ... stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). Whitaker was sentenced to a 211–month term of imprisonment, a five-year term of super-

vised release and a $100 special assessment.

On its cross-appeal, the government argues that Judge Gagliardi erred in refusing to sentence Whitaker, who is over the age of 18 and has at least two prior felony convictions of either a crime of violence or a controlled substance offense, *see* Sentencing Guidelines § 4B1.1, as a career offender. We agree.

■ As the overwhelming majority of circuits that have addressed this issue have concluded, a § 851(a)(1) notice is required only where the *statutory* minimum or maximum penalty under Part D of Title 21 is sought to be enhanced, not where a defendant, by virtue of his criminal history, receives an increased sentence under the Sentencing Guidelines *within* the statutory range. *See, e.g., United States v. Novey,* 922 F.2d 624, 628 (10th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991); *United States v. McDougherty,* 920 F.2d 569, 574 (9th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1119, 113 L.Ed.2d 227 (1991); *United States v. Sanchez,* 917 F.2d 607, 616 (1st Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1625, 113 L.Ed.2d 722 (1991); *United States v. Marshall,* 910 F.2d 1241, 1245 (5th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991); *United States v. Wallace,* 895 F.2d 487, 490 (8th Cir.1990).[1] The lone circuit holding a contrary view, *see United States v. Williams,* 899 F.2d 1526, 1529 (6th Cir.1990), reached that result without giving recognition to the fact that § 851 was enacted in 1970, long before the effective date of Sentencing Guidelines, which make no reference to § 851.

■ The statutory penalty for Whitaker's crimes is a minimum of 10 years and a maximum of life imprisonment. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, 952(a), 960(b)(1)(B), 963. Under the Sentencing Guidelines, Whitaker was assigned a base offense level of 37 with a criminal history

---

1. Although the *Novey* court expressly adopted the reasoning of *Wallace, see Novey,* 922 F.2d at 627–28 (citing *Wallace,* 895 F.2d at 90), it curiously went on to hold that notice of one prior conviction satisfies § 851 even though more than one prior conviction is necessary to trigger the career offender definition under § 4B1.1. *See Novey,* 922 F.2d at 628.

category of VI. With this career offender calculation, Whitaker could receive 360 months to life—a sentence within the statutory range. Section 851 is thus inapplicable and the district court erred in refusing to sentence Whitaker as a career offender because of the government's noncompliance therewith. We also note that Whitaker's prior convictions are detailed in his presentence report and that he had ample notice prior to sentencing that these convictions would be considered.

We have considered Whitaker's arguments on his direct appeal and find them to be without merit. The judgment of conviction is hereby vacated and we remand for resentencing under § 4B1.1.