30 F.3d 132
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvin Theodore HARRIS, Defendant-Appellant.
 No. 93-5943.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1994.
Decided Aug. 3, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge. (CR-93-13)
 Edward H. Childress, Charlottesville, VA, for appellant.
 Robert P. Crouch, Jr., U.S. Atty., Ruth E. Plagenhoef, Asst. U.S. Atty., Roanoke, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Alvin Theodore Harris was convicted by a jury of knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C.A. Secs. 841(a)(1), 841(b)(1)(C) (West 1988 & Supp.1994). On appeal, Harris argues that the crack cocaine purchased by the undercover officer should have been excluded because the government failed to establish a complete chain of custody; that the cocaine residue seized from Harris should have been excluded for lack of foundation; that the district court erred in refusing to submit a jury instruction on the lesser included offense of cocaine possession; and, that the district court erred in sentencing him as a career offender. We affirm.
 
 
 2
 * As part of a series of reverse sting undercover operations in Charlottesville, Virginia, State Police Officer Turner used marked money to purchase crack cocaine from an unknown black male. Officer Turner then left the area and radioed the seller's description to nearby officers. Harris was detained nearby in front of his house, and Officer Turner identified him as the seller. A subsequent search of Harris failed to reveal the marked money or any rocks of crack cocaine. The search did, however, reveal a paper container of white powder residue. The residue field tested positive for cocaine. No further laboratory testing was done on the residue.
 
 II
 
 3
 Harris argues that the government failed to establish a complete chain of custody for the crack cocaine introduced against him at trial. The government failed to introduce testimony from the evidence technician who was responsible for transporting the crack cocaine between the police station in Charlottesville and the laboratory in Richmond. Accordingly, Harris argues that this constitutes a missing link in the chain mandating exclusion of the evidence. We reject this argument because a mere missing link in the chain of custody does not warrant exclusion as long as "the authentication testimony was sufficiently complete so as to convince the court that it is improbable that the original item had been exchanged with another or otherwise tampered with." United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir.1982).
 
 
 4
 Officer Turner testified that he gave the crack cocaine to Officer Montgomery. Officer Montgomery testified that he marked the evidence, stored it at the police station, and filled out the laboratory request. The laboratory chemist testified that he received the evidence from the police department and placed a separate identification tag on it. Both Officer Montgomery and the chemist testified that the crack cocaine introduced at trial resembled the cocaine that they had previously handled. Harris did not allege any reason other than the missing link to believe that the crack cocaine introduced at trial was not the same crack cocaine purchased by Officer Turner. Accordingly, the district court did not abuse its discretion in admitting this evidence.
 
 III
 
 5
 Harris argues that the district court erred in admitting evidence that he was in possession of cocaine residue when he was arrested because the government failed to establish that the substance seized actually was cocaine. The residue field tested positive for cocaine; however, it was never subjected to a more thorough laboratory analysis. The government's expert witness testified that field testing equipment is not as reliable as laboratory testing and that field testing can result in false positives. Accordingly, Harris argues that field testing is too unreliable to be probative and that he was prejudiced by its introduction because it was the only evidence linking him with cocaine.
 
 
 6
 Scientific evidence that "assist[s] the trier of fact to understand the evidence or to determine a fact in issue" is admissible. Fed.R.Evid. 702. Proposed scientific testimony, such as the field testing at issue, must be supported by appropriate validation. Daubert v. Merrell Dow Pharmaceuticals, Inc., 61 U.S.L.W. 4805, 4808 (U.S.1993). This inquiry, however, is a flexible one. It does not require a specific margin of error, nor does it require a particular degree of acceptance within the relevant scientific community. Id. at 4809. To the extent there is a debate over the reliability of the particular test at issue, these questions go to the evidence's weight, and not its admissibility.
 
 
 7
 Harris's argument concedes the evidence's probative value--if the residue recovered from Harris was cocaine, it was relevant to the issue of identity because it established Harris as someone in possession of cocaine minutes after Officer Turner allegedly purchased cocaine from Harris. Harris has cited no authority for the proposition that field testing equipment is unreliable. He relies solely on the expert's testimony that field tests can result in false positives. The district court cited over a decade of experience with field testing as a ground for its validity. Accordingly, the trial court properly left to the jury the determination of whether a false positive had occurred with the particular test introduced. Moreover, the cocaine residue was not unfairly prejudicial to Harris. Accordingly, we find no abuse of discretion in the district court's decision to admit this evidence.
 
 IV
 
 8
 Harris argues that the district court erred in failing to submit to the jury a lesser included instruction of cocaine possession. We find no merit to this argument. Harris himself denied ever possessing the crack cocaine. The only evidence supporting an inference of possession was Officer Turner's testimony that he purchased the crack cocaine from Harris. Based on the record, however, it is not possible to reconcile the facts separating possession from distribution. Accordingly, there was no foundation in the evidence to support Harris's proposed instruction. See United States v. Hicks, 748 F.2d 854, 857 (4th Cir.1984). No jury could rationally acquit Harris of distribution and at the same time convict him of possession. See Keeble v. United States, 412 U.S. 205, 208 (1973). Hence, the district court properly denied a lesser included offense instruction.
 
 V
 
 9
 Because of Harris's multiple prior felonies, he was sentenced as a career offender under United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1993). Harris filed a pro se supplemental brief[1] arguing that he should not have been subject to the enhanced sentence because the government failed to file an information pursuant to 21 U.S.C. Sec. 851(a)(1) (1988). While a pretrial information is required for statutory enhancements, no such prerequisite is required for enhancements under the sentencing guidelines.[2] Therefore, this claim is without merit.[3]
 
 
 10
 Harris's arguments are meritless. Accordingly, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 We grant Harris's motion for leave to file a pro se supplemental brief
 
 
 [2]
 See United States v. Day, 969 F.2d 39, 48 (3d Cir.1992); United States v. Koller, 956 F.2d 1408, 1417 (7th Cir.1992); United States v. Meyers, 952 F.2d 914, 917-19 (6th Cir.), cert. denied, 60 U.S.L.W. 3717 (U.S.1992); United States v. Whitaker, 938 F.2d 1551, 1552 (2d Cir.1991), cert. denied, 60 U.S.L.W. 3520 (U.S.1992); Young v. United States, 936 F.2d 533, 535-36 (11th Cir.1991); United States v. Novey, 922 F.2d 624, 627-29 (10th Cir.), cert. denied, 59 U.S.L.W. 3850 (U.S.1991); United States v. McDougherty, 920 F.2d 569, 574 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991); United States v. Sanchez, 917 F.2d 607, 616 (1st Cir.1990), cert. denied, 499 U.S. 977 (1991); United States v. Marshall, 910 F.2d 1241, 1244-45 (5th Cir.1990), cert. denied, 498 U.S. 1092 (1991); United States v. Wallace, 895 F.2d 487, 489-90 (8th Cir.1990)
 
 
 [3]
 We also note that Harris forfeited appellate review of his sentence except for plain error because he did not object to his sentence in the district court. See United States v. Olano, 61 U.S.L.W. 4421, 4424 (U.S.1993); United States v. Davis, 954 F.2d 182, 186-87 (4th Cir.1992); Fed.R.Crim.P. 52(b). We find no plain error