47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Respondent-Appellee,
v.
Carl SUTTON, Jr., Petitioner-Appellant.
 No. 94-3308.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1995.
 
 Before: KEITH, NELSON and LAY,[1] Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an order in which the district court denied a motion to correct an allegedly illegal sentence of imprisonment. The appeal draws in question the constitutionality of 21 U.S.C. Sec. 851, a statute which, in conjunction with 21 U.S.C. Sec. 841, provides for an enhanced sentence by reason of prior convictions where the United States Attorney files an information stating the convictions that are to be relied upon and serves a copy of the information on the defendant or his counsel. The statute is challenged on the ground that service of such an information on the defendant's lawyer is not the equivalent of service upon the defendant personally and fails to meet the requirements of due process. Concluding that Sec. 851 is not unconstitutional in its application here--if, indeed, it was applied here at all--we shall affirm the district court's order.
 
 I.
 
 2
 On May 7, 1987, the defendant was indicted on charges of (1) conspiracy to distribute over 500 grams of cocaine and possess the cocaine with intent to distribute it, and (2) attempted possession of cocaine with intent to distribute it. The defendant was arraigned on May 18, 1987, at which time he entered a plea of not guilty.
 
 
 3
 On June 19, 1987, the government filed an information pursuant to 21 U.S.C. Sec. 851, setting forth previous convictions that could justify a sentence of up to life imprisonment on each of the pending counts if the defendant were to be convicted thereon. A certificate of service accompanying the information reflects service by mail upon the defendant's counsel. The record does not indicate that service was also made upon the defendant personally.
 
 
 4
 The case went to trial before a jury, and on August 5, 1987, the jury found the defendant guilty on both of the counts with which he had been charged. A probation officer then conducted an investigation that led to the preparation of a presentence report on September 2, 1987.
 
 
 5
 If the defendant had been a first offender, the penalty for each of the crimes of which he was convicted would have been imprisonment for not less than five and not more than 40 years. As the final paragraph of the presentence report pointed out, however, the defendant had previous felony convictions that made him "liable to be sentenced under the provisions of 21 U.S.Code, Section 841(b)(1)(c)[,] which provides an enhancement for the penalty." The report went on to say that "[a]ccordingly, the defendant may be sentenced to up to life imprisonment...." The face sheet of the report likewise described the penalty for each count as being "[u]p to life imprisonment...."
 
 
 6
 On September 10, 1987, according to an addendum to the presentence report, the defendant reviewed the report with the probation officer and pointed out certain perceived errors or discrepancies that were detailed in the addendum. The addendum does not note any exception having been taken to the report's discussion of the enhanced penalty provisions.
 
 
 7
 A sentencing hearing was held before the district court on September 25, 1987, at which time the defendant was asked whether he had read the presentence report and whether he had discussed it with his attorney. The defendant responded to these questions in the affirmative. Both the defendant and his lawyer were given an opportunity to address the court. The court thereafter announced that the defendant would be sentenced to imprisonment for 20 years on each of the two counts, the sentences to run consecutively.
 
 II.
 
 8
 21 U.S.C. Sec. 851(a)(1) provides in part as follows:
 
 
 9
 "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person ) stating in writing the previous convictions to be relied upon...." (Emphasis supplied.)
 
 
 10
 The defendant acknowledges that the government complied with the notice provision of Sec. 851 by providing his lawyer with a copy of the information, but asserts that the statute itself is unconstitutional. He argues that the failure of the statute to mandate that service of the notice be made on him personally is violative of due process.
 
 
 11
 None of the cases cited in the defendant's briefs even remotely suggests that the notice provision of Sec. 851 is constitutionally infirm. Nor is the defendant's position supported by Kelly v. United States, 29 F.3d 1107 (7th Cir.1994), a case called to our attention after the briefs were filed. Neither the defendant nor defense counsel was served with the information in Kelly until after the jury was selected. Here, in contrast, the service provision of Sec. 851 was unquestionably complied with, a copy of the information having been served on counsel for the defendant well before trial.
 
 
 12
 The government argues that we need not reach the issue of whether service on the lawyer alone was constitutional, this defendant's sentence not in fact having been enhanced. The government may well be correct, although we have no way of knowing whether the sentence imposed here--imprisonment for a total of 40 years, with a possibility of parole at some point--was influenced by the district court's understanding that the defendant was eligible for a life sentence.
 
 
 13
 Be that as it may, the record of this case shows not only that the defendant was served, through his counsel, with a copy of the information filed with the court on June 19, 1987, but also that the defendant personally read the presentence report on September 10, 1987; that he discussed it with his counsel; and that the presentence report accurately described the enhanced penalty to which the defendant was subject by reason of his prior convictions. No violation of the defendant's due process rights occurred here under any remotely tenable hypothesis as to what the Constitution requires. Cf. United States v. Whitaker, 938 F.2d 1551, 1553 (2d Cir.1991), cert. denied, 112 S.Ct. 977 (1992). The case before us is not one in which the defendant pleaded guilty without having personal knowledge that an enhanced punishment could be imposed--this defendant went to trial on a plea of not guilty, it will be recalled--and we need not consider whether service through counsel would have been constitutionally adequate in a factual setting different from the one presented here.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation