51 F.3d 269
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd Lewis HOPKINS, Defendant-Appellant.
 No. 93-5876.
 United States Court of Appeals, Fourth Circuit.
 Argued: February 3, 1995.
Decided: April 3, 1995.
 
 ARGUED: Peter Alan Katt, Daniel L. Crandall, P.C., Roanoke, VA, for Appellant. Kenneth Martin Sorenson, Assistant United States Attorney, Roanoke, VA, for Appellee. ON BRIEF: Robert P. Crouch, Jr., United States Attorney, Roanoke, VA, for Appellee.
 Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 A jury convicted Todd Lewis Hopkins on a three-count indictment for: (i) possessing cocaine base (or crack) with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) (Count 1); (ii) possessing a semiautomatic pistol in connection with drug trafficking, in violation of 18 U.S.C. Sec. 924(c) (Count 2); and (iii) being a previously convicted person in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1) (Count 3). The district court sentenced Hopkins to serve a total of 270 months in prison. Specifically, he was sentenced to 210 months on Count 1 and 120 months on Count 3, to run concurrently. His 60-month sentence on Count 2 runs consecutively.
 
 
 2
 Hopkins now appeals, and we affirm. In affirming, we first conclude that the district court properly denied Hopkins' motion to suppress. Second, we reject Hopkins' claim that, as a matter of law, the evidence was insufficient to prove (i) that he possessed cocaine base or (ii) that he intended to distribute cocaine base. Third, we conclude that the district court did not err in sentencing Hopkins.
 
 I.
 
 3
 Roanoke police dispatch received an anonymous 911 call at 1:16 a.m. on January 15, 1993. The caller said that a black man wearing a long black coat and tan boots had just fired his gun twice. The caller reported that the man was standing on the street outside her apartment building on the corner of Dunbar Avenue and Gandy Drive. She added that he had been selling drugs. Dispatch broadcast the report and Sergeant K. P. Viar, who was in his cruiser only half a mile from the scene, responded immediately. Within two or three minutes, Sergeant Viar spotted a black man wearing a long black coat and bright tan boots on Gandy Drive, two blocks from the intersection with Dunbar Avenue. The man, Todd Hopkins, was walking with his hands in his coat pockets, apparently listening to something through stereo headphones. As far as Viar could tell, Hopkins was the only person on the street.
 
 
 4
 Viar pulled his cruiser to the curb beside Hopkins and parked. This put Hopkins on the passenger's side of Viar's cruiser. With his hands still in his coat pockets, Hopkins immediately walked to the driver's side of the cruiser. After ordering Hopkins to back up and keep his hands in his pockets, Viar got out of his cruiser with his revolver drawn but held toward the ground. Viar then reached out and patted Hopkins' coat pocket. Feeling a gun, Viar raised his revolver to cover Hopkins. At this point Officer E. J. Baylow arrived in another cruiser. Viar warned Baylow that Hopkins had a gun. Baylow drew his own weapon. Together, Viar and Baylow disarmed Hopkins, handcuffed him and arrested him for possessing a concealed weapon. In the ensuing search Viar and Baylow discovered that Hopkins carried two small plastic bags containing seventeen pieces of crack. He also had $106 dollars cash.
 
 
 5
 Hopkins was indicted and convicted of the three federal crimes mentioned above.
 
 II.
 
 6
 According to Hopkins, the district court ignored Terry v. Ohio, 392 U.S. 1 (1968), and its progeny when it refused to suppress the semiautomatic pistol and the crack police seized from him at his arrest. Specifically, Hopkins says that Sergeant Viar did not have a legally sufficient basis to stop Hopkins and then pat his pocket. We disagree.
 
 
 7
 Under Terry "the police can briefly stop and detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity'may be afoot.' " United States v. Perrin, 45 F.3d 869, 971 (4th Cir.1995) (citing United States v. Sokolow, 490 U.S. 1, 7 (1989)). The required reasonable suspicion can arise from an anonymous tip, provided that the totality of the surrounding circumstances justifies acting on the tip. Perrin, 45 F.3d at 871-73.
 
 
 8
 Here the totality of the circumstances justified Sergeant Viar's stop of Hopkins. Viar was responding to a report (albeit anonymous) of gunfire. Within a few minutes Viar located Hopkins two blocks from the scene of the reported incident. Hopkins matched the tipster's description and was the only person on the street. The fact that Hopkins kept his hands inside his coat pockets provided additional cause for concern. It was therefore prudent and proper for Viar to pat Hopkins' pockets to see if he was armed. See Perrin, 45 F.3d at 873 (citing Terry, 392 U.S. at 27, for the proposition that "there must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual").
 
 
 9
 Sergeant Viar had the requisite degree of suspicion to justify his stop and pat-down of Hopkins. Accordingly, the district court did not err in denying Hopkins' motion to suppress.
 
 III.
 
 10
 Hopkins next argues that the government produced insufficient evidence to prove (i) that he possessed cocaine base or (ii) that he intended to distribute cocaine base. Again, we disagree. The jury could easily find from the evidence that Hopkins both possessed crack and intended to distribute it.
 
 
 11
 Sergeant Viar and Officer Baylow, who arrested Hopkins, testified that the substance in the two plastic baggies found on Hopkins looked like crack. The substance was taken to a Commonwealth of Virginia crime laboratory for analysis. The laboratory's certificate of analysis confirmed that it was 1.1 grams of "cocaine (schedule II), free base and procaine." Detective J. F. Owens, an experienced drug investigator, testified that the seventeen rocks of crack were of a size and quantity consistent with street distribution. Moreover, Hopkins admitted that he bought the crack at a deep discount ($240 worth for $70). And finally, Hopkins carried a semi-automatic pistol.
 
 
 12
 Taken together, this evidence was sufficient to prove that Hopkins possessed cocaine base and intended to distribute it. See, e.g., United States v. Scott, 725 F.2d 43, 46 (4th Cir.1984); United States v. Gooding, 695 F.2d 78, 84 (4th Cir.1982).
 
 IV.
 
 13
 Hopkins' last complaint is that the district court erred at sentencing. Specifically, Hopkins says that the prosecutor was required to give him notice, see 21 U.S.C. Sec. 851, before the court could use prior drug offenses to increase his sentence. However, as Hopkins acknowledges, other circuits considering the question have concluded section 851 notice is not required when a defendant receives a sentence under the Sentencing Guidelines that is within the statutory range for his pending drug offense. E.g., United States v. Flores, 5 F.3d 1070, 1081 (7th Cir.1993); United States v. Whitaker, 938 F.2d 1551, 1552 (2d Cir.1991); United States v. Sanchez, 917 F.2d 607, 616 (1st Cir.1990), cert. denied, 111 S.Ct. 1119 (1991); United States v. Wallace, 895 F.2d 487, 490 (8th Cir.1990). We agree with this view. Section 851 notice is only required when the government seeks an enhanced sentence under the applicable recidivist drug offender provisions.* No such enhanced sentence was sought here. Hopkins received a sentence as a career offender under the Guidelines, not as a section 841 recidivist. In any event, the length of Hopkins' sentence on the drug count (210 months) fell within the permissible statutory limit (240 months) for a single violation of section 841(a)(1). See 21 U.S.C. Sec. 841(b)(1)(C). Therefore, we hold that the district court did not err in sentencing Hopkins.
 
 V.
 
 14
 Hopkins' convictions and sentence are affirmed.
 
 AFFIRMED
 
 
 *
 21 U.S.C. Sec. 851 provides:
 No person who stands convicted of an offense under this part [Part D, Secs. 841-63] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court ... stating in writing the previous convictions to be relied upon.
 (Emphasis added.).