64 F.3d 661
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony Milton OXENDINE, Defendant-Appellant.
 No. 94-5766.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 31, 1995.
Decided: August 21, 1995.
 
 G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Steve R. Matheny, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 Before MICHAEL and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tony Oxendine appeals from a district court judgment entered pursuant to a jury verdict finding him guilty of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1) (1988), using a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c) (1988), being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1) (1988), and possessing an unregistered firearm, in violation of 26 U.S.C. Sec. 5861(d) (1988). Oxendine's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising arguments relating to the trial court's jury instructions and Oxendine's sentencing, but also stating that, in his view, there are no meritorious arguments on appeal. Oxendine has also personally filed a brief on appeal, together with a motion to permit filing of the brief, which we grant.
 
 
 2
 Initially, we reject counsel's contention that the district court erred by giving an aiding and abetting instruction on the drug distribution charge even though the indictment in this case only charged Oxendine as a principal. The inclusion of an aiding and abetting charge will rarely, if ever, constructively amend an indictment, see United States v. Mucciante, 21 F.3d 1228, 1234 (2d Cir.1994), and we note that defense counsel conceded at trial that the defense was not unfairly surprised by the instruction. While counsel also avers that the court erred by failing to depart downward at sentencing based on Oxendine's tragic personal background, we find it clear from the sentencing transcript that the district court was aware of its authority to depart, and such cognizance renders his decision not to depart unreviewable. See United States v. Darby, 37 F.3d 1059, 1068 (4th Cir.1994); United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 3
 Next, we reject Oxendine's claims, raised in his supplemental brief, that the evidence was insufficient to support his convictions for the drug distribution charge and for using a firearm in relation to a drug trafficking crime. Oxendine's brief essentially concedes that the evidence was sufficient if the Government's witnesses were truthful, but contends that they were not truthful. The credibility of the witnesses, however, was a matter for the jury, and not this court, to decide. See United States v. Murphy, 35 F.3d 143, 148 (4th Cir.1994), cert. denied, 63 U.S.L.W. 3563 (U.S.1995).
 
 
 4
 Oxendine also argues that he improperly received an enhanced sentence based on his criminal history even though the Government did not file an information listing the offenses it planned to rely on for a sentence enhancement pursuant to 21 U.S.C. Sec. 851 (1988). The requirements of Sec. 851, however, only apply where the statutory minimum or maximum sentence is enhanced, and not where the sentence under the United States Sentencing Guidelines is increased within the statutory range. See United States v. Flores, 5 F.3d 1070, 1081 (7th Cir.1993), cert. denied, 62 U.S.L.W. 3471 (U.S.1994); United States v. Roberts, 986 F.2d 1026, 1033 (6th Cir.1993); United States v. Whitaker, 938 F.2d 1551, 1552 (2d Cir.1991). The notice function of Sec. 851 is generally served in guidelines cases by the presentence report. Because Oxendine received no statutory enhancement, and was sentenced within the applicable statutory range for his crimes, the Government was not required to file an information under Sec. 851.
 
 
 5
 Oxendine's remaining claims relate to the effectiveness of his counsel. Because counsel's ineffectiveness is not apparent from the record, however, we decline to address these contentions, and note that they are properly initially raised in a collateral proceeding under 28 U.S.C. Sec. 2255 (1988), rather than on direct appeal. See United States v. Williams, 977 F.2d 866, 871 (4th Cir.1992). We also deny Oxendine's motion for appointment of substitute counsel, as he has failed to establish good cause for such relief. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir.), cert. denied, 487 U.S. 1211 (1988).
 
 
 6
 We have examined the entire record in this case in accordance with the requirements of Anders, supra, and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court at that time for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 7
 We affirm the district court's judgment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.