68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kaseem Geonti STERLING, Defendant-Appellant.
 No. 95-5192.
 United States Court of Appeals, Fourth Circuit.
 Submitted: September 21, 1995.
Decided: October 10, 1995.
 
 Thomas H. Johnson, Jr., Gray, Newell & Johnson, L.L.P., Greensboro, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before RUSSELL, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kaseem Geonti Sterling was convicted by a jury of conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp.1995), using or carrying a firearm during a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp.1995), and being a felon in possession of a firearm, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1995). He appeals his conviction and his career offender sentence of 222 months. United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1994). Finding no error, we affirm.
 
 
 2
 The government's evidence at trial showed that, on the morning of April 21, 1994, Sterling and Howard Alford agreed to find a crack dealer who had a large amount of crack on hand and rob him at gunpoint. The plan was Alford's idea; he also had the gun, a Glock .40 caliber pistol. Sterling was a frequent crack user, while Alford sold crack, but did not use it. With the Glock in the trunk of Sterling's car, Sterling drove Alford to the house of Terry Blue, a 17-year-old who agreed to participate. While they were in search of a victim, Sterling stopped the car, retrieved the Glock from the trunk of the car, and gave it to Blue. Alford testified at Sterling's trial that he decided to have Blue carry the gun because a minor would receive a lesser punishment if they were caught.
 
 
 3
 The three men eventually located Linnell Hart, who agreed to sell them crack. As Hart was handing over the crack, Blue shot and wounded him seriously. Alford and Blue then took the crack and a .25 caliber pistol from Hart's pocket, and all three fled in Sterling's car. They were apprehended a short time later. Sterling and Blue had smoked the crack, but the firearms were recovered.
 
 
 4
 Sterling was informed of his Miranda* rights at 1:15 p.m. by Detective Sergeant Steven Bibey of the Moore County Sheriff's Department, and soon afterward he helped law enforcement officers retrieve the two firearms from the place where Alford had hidden them. At 4:55 p.m., Sterling gave a statement to Detective Sergeant W.J. Seawell in which he admitted that he knew Alford planned to rob a drug dealer, and that he and Blue got Alford's gun out of the trunk of the car just prior to the robbery. He denied any other involvement.
 
 
 5
 Sterling attempted to suppress his statement before trial on the ground that it was not knowing or voluntary. While Bibey and Seawell testified that Sterling was coherent and did not seem to be mentally or physically impaired, Sterling testified at the suppression hearing that he had been smoking crack all night before the robbery and was both exhausted and still under the influence of the drug when he waived his Miranda rights and when he made his statement a few hours later. At the same time, Sterling testified that he initially decided to cooperate in the hope of getting released on bond, and that he signed but did not read a statement written by Detective Seawell.
 
 
 6
 The district court made the following factual findings: that Sterling was not visibly impaired when he waived his Miranda rights; that Sterling decided to assist in locating the firearms and did so without apparent difficulty; that Sterling had been able to drive his car before and after the robbery despite his drug use; and that he made a rational decision to cooperate because it was in his own best interest and gave a statement that was in many respects exculpatory. The court found that the statement was voluntary. We review the district court's factual findings under the clearly erroneous standard and find that they are supported by the record. Consequently, we also find that the court did not err in concluding that Sterling's statement was voluntary.
 
 
 7
 Next, Sterling argues that the evidence was insufficient to support his convictions for conspiracy and for using or carrying a firearm in a drug trafficking crime because his intention was to obtain crack for his own use, rather than to sell. A conviction must be sustained if, viewing the evidence in the light most favorable to the government,
 
 
 8
 a rational trier of fact could find the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942). Here, whether or not Sterling personally planned to sell the crack or just hoped to acquire some for his own use, Alford's testimony established that Sterling knew Alford intended to sell the crack and agreed to help Alford obtain it. This evidence was sufficient to sustain the conspiracy conviction.
 
 
 9
 Sterling asserts that his conviction under Sec. 924(c) should be reversed but makes no argument in support of his claim. He has, therefore, abandoned the issue. United States v. Beaumont, 972 F.2d 553, 563 (5th Cir.1992). We note, however, that the evidence that Sterling removed Alford's pistol from the trunk of his car and gave it to Blue before the robbery would support a conviction under Sec. 924(c).
 
 
 10
 Sterling asserts that the penalty structure for crack cocaine and cocaine set out in Sec. 841 and the sentencing guidelines violates the Fifth and Eighth Amendments, particularly in light of a proposed amendment to guideline section 2D1.1 which would eliminate the 100 to 1 ratio in effect at the time he was sentenced. We have repeatedly held that the penalties applied in Sterling's case are constitutional, and we decline to reconsider those decisions. See, e.g., United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir.1995).
 
 
 11
 Sterling claims for the first time on appeal that the district court should have granted him an adjustment for acceptance of responsibility. An issue not presented to the district court is reviewed for plain error. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). Because Sterling denied his factual guilt at trial, the district court's denial of an adjustment for acceptance of responsibility was not plain error. USSG Sec. 3E1.1, comment. (n.2).
 
 
 12
 Finally, Sterling contends that the district court lacked jurisdiction to sentence him as a career offender because the government did not give him notice pursuant to 21 U.S.C. Sec. 851 (1988) that previous drug convictions would be used to increase his sentence. This claim is without merit because Sec. 851 notice is required only when the statutory maximum or minimum sentence is enhanced under the recidivist drug offender provisions, but not for a career offender sentence. See United States v. Whitaker, 938 F.2d 1551, 1552 (2d Cir.1991) (citing cases), cert. denied, 502 U.S. 1076 (1992). Sterling had no prior drug convictions; he was a career offender because of his prior robbery convictions. Moreover, his sentence on the drug count (222 months) was within the statutory limit (240 months) for a single violation of Sec. 841 involving less than 250 grams of crack, the amount attributed to him. See 21 U.S.C.A. Sec. 841(b)(1)(C) (West Supp.1995).
 
 
 13
 The convictions and the sentence are therefore affirmed. The government's motion to submit the case on the briefs is granted; Sterling's motion for oral argument is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Miranda v. Arizona, 384 U.S. 436 (1966)