**UNITED STATES of America,**
**Appellee,**

v.

**Alexander RAMIREZ, Defendant–**
**Appellant.**

**Docket No. 05–4575–CR.**

United States Court of Appeals,
Second Circuit.

Argued: June 16, 2006.

Decided: June 23, 2006.

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for Defendant–Appellant.

Daniel L. Stein, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Celeste L. Koeleveld, Assistant United States Attorney, on the brief), United States Attorney's Office for the

Southern District of New York, New York, NY.

Before MESKILL, CABRANES, and WESLEY, Circuit Judges.

PER CURIAM.

Defendant-appellant Alexander Ramirez appeals from a judgment in a criminal case, entered March 31, 2005, following his plea of guilty to one count of distributing and possessing with intent to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). The District Court sentenced Ramirez principally to a term of 151 months' imprisonment, to be followed by 3 years' supervised release.

On appeal, Ramirez challenges the sentence imposed by the District Court, arguing that the District Court improperly adjudicated him a career offender under U.S.S.G. § 4B1.1 because (1) the Government failed to file "an information with the court ... stating in writing the previous convictions to be relied upon" pursuant to 21 U.S.C. § 851(a)(1); and (2) Ramirez's prior felonies were not charged in the indictment, admitted by Ramirez, or found by a petit jury beyond a reasonable doubt, thereby violating Ramirez's Fifth and Sixth Amendment rights. Ramirez also argues that the District Court failed to recognize its authority to downwardly depart from the career offender guidelines, and that the sentence imposed was "manifestly disproportionate to the seriousness of the crime" and thus unreasonably long.

■ Based on our assessment of the parties' submissions, the applicable case law, and the record on appeal, we conclude that Ramirez's claims are without merit. We address briefly Ramirez's first argu-

ment listed above—namely, that the Government was required under 21 U.S.C. § 851(a)(1) to file a prior felony information in light of the Supreme Court's decision in *United States v. LaBonte*, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997), which stated that "an enhanced penalty .... may not be imposed unless the Government files an information notifying the defendant in advance of trial (or prior to the acceptance of a plea) that it will rely on that defendant's prior convictions to seek a penalty enhancement," *id.* at 754 n. 1, 117 S.Ct. 1673. We conclude that *LaBonte* does not require the filing of a prior felony information in a case such as this, inasmuch as the Supreme Court's reference to an "enhanced penalty" applies not to an increase in a career offender's Guidelines sentence within the statutory range, but rather, the imposition of a "statutory sentencing enhancement[ ]" of a "maximum penalty" due to the presence of an aggravating factor, *see id.* at 753–54, 758–59, 117 S.Ct. 1673. Accordingly, we remain bound by our holding in *United States v. Whitaker*, 938 F.2d 1551 (2d Cir. 1991), that the filing of a prior felony information under § 851(a)(1) "is required only where the *statutory* minimum or maximum penalty under Part D of Title 21 is sought to be enhanced, not where a defendant, by virtue of his criminal history, receives an increased sentence under the Sentencing Guidelines *within* the statutory range." [1] *Id.* at 1552.

■ In this case, Ramirez was assigned a base offense level of 32 and a criminal history category of VI, yielding a Guidelines range, after Ramirez's acceptance of responsibility, of 151 to 188 months—a sentence well below the twenty-year statu-

1. *Whitaker* was decided before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when the Sentencing Guidelines were mandatory. Inasmuch as the Guidelines are now advisory, *Whitaker's* rationale is now on even firmer Sixth Amendment ground.

tory maximum penalty permitted under 21 U.S.C. § 841(b)(1)(C), or the thirty-year maximum term that would have been permitted had the Government filed a prior felony information under § 851(a)(1). *See* 21 U.S.C. § 841(b)(1)(C). Ramirez's prior convictions, moreover, were detailed in the presentence report and the Government's sentencing letter pursuant to *United States v. Pimentel*, 932 F.2d 1029 (2d Cir. 1991), thus providing Ramirez with "ample notice prior to sentencing that these convictions would be considered," *see Whitaker*, 938 F.2d at 1553. Accordingly, the District Court did not err in sentencing Ramirez as a career offender under U.S.S.G. § 4B1.1.

We have considered all of Ramirez's remaining arguments on appeal and find each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.