**UNITED STATES of America,**
**Appellee,**

v.

**Anthony TORRES, Defendant–**
**Appellant.**

No. 07–2391–cr.

United States Court of Appeals,
Second Circuit.

Oct. 9, 2008.

Toni Messina, New York, NY, for Appellant.

Jeff Alberts and Celeste Koeleveld, Assistant United States Attorneys (United States Attorney Michael J. Garcia on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, CHESTER J. STRAUB and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Defendant Anthony Torres appeals from a May 17, 2007 judgment of the District Court convicting him, after a plea of guilty, of one count of conspiring to distribute 100 grams or more of heroin in violation of 21 U.S.C. 812, 841(a)(1), 841(b)(1)(B), and 846, and sentencing him to a term of 188 months' imprisonment, followed by a term of five years' supervised release, and a mandatory special assessment of $100. We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal, defendant alleges that the District Court deprived him of his Fifth Amendment right to due process because the government was not required to prove beyond a reasonable doubt that his prior convictions were valid. These convictions formed the basis of the District Court's finding that defendant was a "career offender." United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4B1.1(a). Defendant further alleges a violation of his Sixth Amendment right to a trial by jury be-

cause a judge, instead of a jury, found him to be a career offender and he did not admit to his prior convictions during his guilty plea. Finally, defendant argues that the sentence of 188 months—the low end of the applicable range of 188 to 235 months—was unreasonable.

We review a sentencing court's factual findings for clear error and its interpretation of applicable laws *de novo. See United States v. Kilkenny,* 493 F.3d 122, 125 (2d Cir.2007). We review defendant's sentence for substantive and procedural reasonableness, which is akin to review for abuse of discretion. *See Gall v. United States,* — U.S. —, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); *accord United States v. Fernandez,* 443 F.3d 19, 26–27 (2d Cir.2006).

■ Regarding defendant's Fifth Amendment claim, the government informed defendant by letter that two prior felony convictions would be used to enhance defendant's sentence as a career offender—the July 27, 1994 and April 26, 2001 convictions for heroin possession with intent to distribute. Due process does not require additional notice or a heightened level of proof where, as here, the sentence fell within the statutory range. *See United States v. Ramirez,* 454 F.3d 380, 382 (2d Cir.2006) *(per curiam )* (holding that, where the sentence fell within the statutory range, a government sentencing letter setting forth prior convictions provided "ample notice" that the convictions would be considered and thus did not violate defendant's due process rights); *see also* 21 U.S.C. 841(b)(1)(B) (setting the maximum sentence at 40 years). Defendant replied by letter and had an opportunity to argue against the consideration of his prior convictions at the sentencing hearing. However, defendant never identified a specific infirmity in his prior convictions and never indicated that he had challenged his prior convictions either in habeas petitions or on direct appeals. Under these circumstances, the District Court's consideration of defendant's prior convictions in determining whether defendant was a career offender did not violate defendant's Fifth Amendment right to due process. *See generally United States v. Jones,* 27 F.3d 50, 52 (2d Cir.1994) (expressing a general reluctance to permitting a defendant to "collaterally attack prior state court felony convictions during a federal sentencing hearing unless the defendant was deprived of counsel in the state court proceedings").

■ Regarding defendant's Sixth Amendment claim, the District Court's consideration of prior convictions in imposing a recidivism enhancement did not violate defendant's right to trial by jury. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (exempting prior convictions from the types of sentence enhancements that must be submitted to a jury); *accord United States v. Snype,* 441 F.3d 119, 148 (2d Cir.2006).

■ Regarding the reasonableness of his sentence, defendant alleges that the District Court's examination of 19 U.S.C. 3553(a) was "cursory." (Def. Br. at 12.) A sentencing court must conduct an "individualized assessment based on the facts presented," *Gall,* 128 S.Ct. at 597, which in many cases will be satisfied by a consideration of the factors outlined in Section 3553(a) in light of the circumstances of the case. In this case, the defendant pleaded guilty to possession of heroin with intent do distribute—essentially the same crime that he had been convicted for in 1994 and 2001. Prior to the sentencing hearing, the District Court considered the Pre–Sentencing Report prepared by the Probation Office as well as letters from defense counsel and the United States Attorney's office. At the sentencing hearing, the District Court heard argument from counsel for both sides, which included arguments from

defense counsel that defendant's criminal history and struggle with drug abuse warranted a downward departure. After determining that defendant was a "career offender," U.S.S.G. § 4B1.1(a), the District Court chose to impose a sentence on the low end of the applicable Guidelines range of 188 to 235 months. In choosing to stay within the Guideline range, the District Court considered the factors set forth in Section 3553(a), specifically citing several of them at the sentencing hearing. *See United States v. Torres*, No. 03 CR 504(RMB), dkt. no. 23 (S.D.N.Y. June 3, 2005), Transcript of Sentencing Hearing at 76; *see also* 18 U.S.C. § 3553(a)(2). In light of the steps taken by the District Court, and the record before us, we conclude that the defendant's sentence was the result of an "individualized assessment based of the facts presented," *Gall*, 128 S.Ct. at 597, and that the sentence was both procedurally and substantively reasonable.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.