DLD-284                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2673
_____

BERNARD BARNETT,
Appellant

v.

UNITED STATES OF AMERICA; RONNIE HOLT, Warden
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 11-cv-01053)
District Judge:  Honorable William J. Nealon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(b)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 8, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: September 21, 2011 )
_____

OPINION
_____

PER CURIAM

        Bernard Barnett appeals pro se and in forma pauperis from the United States

District Court for the Middle District of Pennsylvania's order dismissing his habeas

petition filed under 28 U.S.C. § 2241.  Because this appeal does not present a substantial

question, we will summarily affirm the District Court's order. <u>See</u> 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

I.

In 1991, Barnett was convicted of federal drug and firearms offenses in the United States District Court for the Southern District of New York. He was determined to be a career offender and the Court sentenced him to a term of life imprisonment. In 1993, the United States Court of Appeals for the Second Circuit affirmed Barnett's conviction and sentence. His initial 28 U.S.C. § 2255 motion, filed in the Southern District of New York, was denied in 1994. <u>See</u> <u>Barnett v. United States</u>, 870 F. Supp. 1197 (S.D.N.Y. 1994). Thereafter, Barnett filed several requests for permission to file successive 28 U.S.C. § 2255 motions, prompting the Second Circuit to enter an order requiring him to seek the leave of Court before attempting to file any further documents. Additionally, during Barnett's confinement in a Virginia institution, he filed several unsuccessful motions for collateral relief in the United States District Court for the Western District of Virginia and the United States Court of Appeals for the Fourth Circuit.

Barnett is currently confined in the Canaan United States Penitentiary in Waymart, Pennsylvania. In June 2010, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, raising several claims for relief that challenged his 1991 conviction and sentence. The District Court dismissed the petition for lack of jurisdiction, and we dismissed his appeal as untimely. (C.A. No. 10-4316.) Then, in June 2011, Barnett filed the current 28 U.S.C.

2

§ 2241 petition, which asserts (as did many of his previous motions) that he was improperly classified as a career offender under Section 4B1.1 of the United States Sentencing Guidelines, and that Amendment 706 to the Sentencing Guidelines warrants a reduction in his sentence. He explains that his sentence is "jurisdictional[ly] defective," and that the arguments in his § 2241 motion are "exactly the same" as those in the proposed successive § 2255 motion that he apparently filed before the United States Court of Appeals for the Second Circuit.[1]

The District Court dismissed Barnett's petition for lack of jurisdiction. Barnett now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

It is apparent that Barnett's petition is not viable under 28 U.S.C. § 2241, as he is once again trying to challenge his conviction and sentence. A federal prisoner can challenge his conviction or sentence under 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his or her detention. Cradle, 290 F.3d at 538; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This occurs "only where the petitioner demonstrates that some limitation of scope or

---

[1] We note that Barnett has also filed several unsuccessful motions for a reduction in sentence under 18 U.S.C. § 3582.

3

procedure would prevent" the petitioner from receiving adequate adjudication of his or her claims under § 2255. Cradle, 290 F.3d at 538. This exception is extremely narrow and applies only in rare circumstances. See, e.g., In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997) (applying exception where an intervening change in the law decriminalized the conduct underlying the petitioner's conviction and he had no other opportunity to pursue his claim).

After considering Barnett's petition and submissions to this Court, we agree with the District Court that he has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention, as he raised arguments that could have (or already have been) been raised on direct appeal or in his § 2255 motion. Barnett asserts that he is actually innocent of being a career offender, and that his claim is properly brought under § 2241. He is mistaken. As noted above, Dorsainvil allows relief under § 2241 when a subsequent statutory interpretation renders a petitioner's conduct no longer criminal. 119 F.3d at 251-52. Barnett makes no allegation that he is actually innocent of the crime for which he was convicted; he only asserts that his sentence was improperly calculated. The Dorsainvil exception is therefore inapplicable and relief under § 2241 is not available. See Okereke, 307 F.3d at 120-21. Additionally, although Barnett would likely encounter hurdles attempting to file another § 2255 motion in the sentencing court, we have repeatedly held that a prisoner's inability to meet § 2255's gatekeeping requirements does not render it inadequate or ineffective. Cradle, 290 F.3d

4

at 538-39 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.").

For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the district court's judgment.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.